CAMPION CARD AND PAPER COMPANY, Appellant, *v.* BENJAMIN T. SEARING and Another, Respondent.

*Fraudulent representations constitute "an injury to property" — they justify the issuing of an attachment.*

Fraudulent representations constitute an "injury to property," being "an action able act whereby the estate of another is lessened, other than a personal injury or the breach of a contract," within subdivision 10 of section 3343 of the Code of Civil Procedure.

They, therefore, justify the issuing of an attachment where the indebtedness in suit arose out of a credit induced by such fraudulent representations.

Appeal from an order vacating an attachment.

*T. J. Worcester,* for the appellant.

*D. B. Wilmot,* for the respondents.

Brady, J. :

The affidavit upon which the attachment was granted, states a variety of facts and circumstances of which the plaintiff predicates

the charge that the indebtedness of the defendants alleged is the result of a credit which was induced by false and fradulent representations, and also the further charge, founded upon statements made by the defendant Searing to the president of the plaintiff, that he had disposed of his property for the purpose of preventing his creditors from levying upon it and therefore with the intention to defraud them. The affidavit omits to state, however, that the sum claimed was due over and above all counter-claims, and the learned justice who heard the motion to discharge the attachment, regarding the action as one to recover for a breach of contract, held that the omission mentioned was fatal and vacated the attachment.

The learned justice relied upon the case of *Whitney* v. *Hirsch* (39 Hun, 325). In that case, which was similar to this in the character of the allegations, the court said that if the action should be held to depend upon the allegations of fraudulent representations, it would still be one in which an attachment could issue for the reason that by subdivision 3 of section 635 of the Code such a process was authorized for fraud, negligence or other wrongful act, as well as for any other injury to property not mentioned in subdivision 2 of the same section, and that an injury to property had been defined by subdivision 10 of section 3343, to include an act whereby the estate of another is lessened, other than a personal injury or the breach of a contract, and the court said " the fraudulent representations made were certainly not a personal injury nor a breach of contract, but they did constitute an actionable act for fraud, whereby the estate of the plaintiffs was diminished or lessened so far as they were induced to part with their goods in reliance upon the truth of the representations. And under this definition of an injury to personal property an attachment might be issued in an action based upon it under subdivision 3 of section 635 of the Code."

The learned justice who wrote the opinion criticised the case of *Wittner* v. *Von Minden* (27 Hun, 234) in the decision of which he participated, and intimated that that case was in conflict with the provisions of the statute, and could not, therefore, be maintained. The writer of the present opinion dissented from the views expressed by the learned justice, but Justice DAVIS, in writing the decisive opinion, said that if the question decided in *Wittner* v.

*Von Minden* were an open one, it might well be doubted whether the attachment in this case should not be upheld. Under the third subdivision of section 635, it is not necessary to allege that the claim made is due over and above all counter-claims. That is only required when the action is for a breach of contract express or implied, other than a contract to marry.

In *Wittner* v. *Von Minden* the court had decided that the Code did not provide for an attachment in an action brought to recover the price or value of goods obtained by false representations.

I am of the opinion after reflection upon the suggestions made by Judge DANIELS in *Whitney* v. *Hirsch,* that an attachment may be granted in an action founded upon the allegation that goods were obtained by false representations and upon the grounds stated by him in which Judge DAVIS concurred. This distinction was not noticed by the learned justice who decided the motion herein, as it did not occur to the present writer when the case of *Wittner* v. *Von Minden* was disposed of. The order should be reversed with ten dollars costs and disbursements.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed with ten dollars costs and disbursements.